Parker, J.
The cases of Carrington v. Bennett, 1 Leigh 340. Ewing v. Ewing, 2 Leigh 337. and Green v. Ashby, 6 Leigh 135. shew, that the bill of exceptions taken to the opinion of the county court overruling the motion for a new trial, was well taken ; and the judgment of the circuit court reversing the first judgment of the county court, cannot be impugned on that ground. The bill of exceptions did not, it is true, purport to state the facts proved, but only the evidence given; yet as the *34 plaintiff’s evidence (throwing out of view all the evi- ^ ' ° . , dence for the defendants, and admitting that of the plaintiff to be true) was clearly insufficient to support his action, the circuit court was right in directing a new trial.
As to the question whether the plaintiff ought to have been compelled to join in the demurrer to evidence, I take the rule to be, that either party may demur, unless the case is clearly against the party offering to demur, and his object appears to be merely to delay the decision. Every case involves questions of law and fact, and a party has a right, admitting the facts which his adversary’s testimony fairly conduces to prove, to bring the question of law arising out of the facts to the consideration and judgment of the court. How he may do this, is a point of practice, settled differently in England and in this country. The english practice is shewn by the cases of Gibson v. Hunter, 2 H. Blacks. 187. and Cocksedge v. Fanshaw, 1 Doug. 119. our practice, by the cases of Whittington v. Christian, 2 Rand. 353. Green v. Judith, 5 Rand. 1. Hansbrough's ex’ors v. Thom, 3 Leigh 147. Clopton v. Morris, 6 Leigh 278. We permit all the evidence to be spread on the record, reject the demurrant’s evidence where it conflicts with that of the other party, consider such party’s evidence as true, and make all inferences of fact from it which may be fairly and reasonably deduced. But we do not prevent either party from demurring, unless in a case so clear, both upon the fact and law, as to afford some reason for believing that vexatious delay is the object. Now, in the case at bar, there was much room to doubt whether the evidence proved any thing against Lynch, and if it did not, whether the other defendants were liable. It involved the consideration of what acts amounted to a contract with the plaintiff on the part of Lynch, or to a recognition of a previous contract; and the evidence not being direct, but doubtful as to the inferences both of *35 fact and law properly deducible from it, I think the defendants had a right to demur, and that the plaintiff was properly compelled to join.
Then, upon the demurrer to evidence itself, I am of opinion, that the evidence of the plaintiff, taking it all as true, proves nothing from which the jury ought fairly and reasonably to have inferred a contract with the plaintiff on the part of Lynch; and that, therefore, the judgment should be affirmed.
The other judges concurred. Judgment affirmed.